*Berry v. N.Y.C. Dep't of Corr. et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand fifteen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> JED S. RAKOFF,[*]
> > *District Judge.*

———————————————————————

Shawn M. Berry,

> *Plaintiff-Appellant*,

> v.                                                                                    **14-2142-cv**

New York City Department of Correction,
Correction Officer Castro, #7800,
Correction Officer L. Beckwith, #1983,

> *Defendants-Appellees*,

Correction Officer John Doe, who worked
August 30th 2012 at Rikers Island GRVC
in its Administrative Segregation
MHAUII Punitive Box the 7 am to 3 pm
shift as Barber Shop officer, Inmate Oscar

———————————————————————

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

**Punter, #210 10 01563,**

*Defendants*.**

---

FOR PLAINTIFF-APPELLANT:           Shawn M. Berry, *pro se*, Comstock,
                                   N.Y.

FOR DEFENDANTS-APPELLEES:          Michael J. Pastor (Richard Dearing,
                                   *on the brief*), *for* Zachary Carter,
                                   Corporation Counsel of the City of
                                   New York, New York, N.Y.


Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Shawn M. Berry, *pro se*, appeals the district court's grant of summary judgment in favor of Defendants-Appellees the New York City Department of Correction and Correction Officers Beckwith and Castro in Berry's 42 U.S.C. § 1983 action, which raises Eighth Amendment failure to protect and excessive force claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could

---

** The Clerk of Court is respectfully requested to amend the official caption as set forth above.

not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

An independent review of the record and relevant case law reveals that the district court properly granted summary judgment to the defendants. Berry failed to demonstrate that the defendants were deliberately indifferent to a substantial risk of harm to support his failure to protect claim, *see Hayes v. New York City Dep't of Corrs.*, 84 F.3d 614, 620-21 (2d Cir. 1996), or that Defendant-Appellant Beckwith's use of pepper spray was excessive, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Sims v. Artuz*, 230 F.3d 14, 21-22 (2d Cir. 2000). Beckwith and Castro, in any event, are entitled to qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). We therefore affirm for the reasons stated by the district court in its May 22, 2014 decision.

We have considered all of Berry's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3